IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-00212-CMA-MJW

GIRUM ALEMAYEHU,

    Plaintiff,

v.

CONNIE GEMIGNANI,
JOHN MARHSALL,
CLEAR STONE DEVELOPMENT, INC., a Colorado corporation, and
DOCTOR'S ASSOCIATES, INC., a Delaware corporation,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S MOTION TO DISSOLVE STAY AND PLAINTIFF'S MOTION/REQUEST FOR ORAL ARGUMENT**

---

This matter is before the Court on Plaintiff Girum Alemayehu's Motion to Dissolve Stay. (Doc. # 17.) For the following reasons, the Court denies Mr. Alemayehu's Motion.

## I. BACKGROUND

Defendant Doctor's Associates, Inc., is an international sandwich franchise known as Subway's, and Defendant Clear Stone Development, Inc., was, at all relevant times, its franchise development agency for southern Colorado and the Denver metropolitan area. (Doc. # 1 at 2.) Defendants Connie Gemignani and John Marshall were employed by Clear Stone Development, Inc. (*Id.*)

Mr. Alemayehu filed an online application (the "Franchise Application") to operate a Subway store in Aurora, Colorado, in February 2017. (Doc. # 1 at 6; Doc. # 17-2 at 2.) The Franchise Application was two pages long and included the following provision for residents of the United States and Canada:

> I agree that I will settle any and all previously unasserted claims, disputes or controversies arising out of or relating to my application or candidacy for the grant of a SUBWAY franchise from Franchisor, pursuant to the laws of Connecticut, USA, and by binding arbitration only. I agree that the arbitration will be administered by either the American Arbitration Association or its successor ("AAA") or the American Dispute Resolution Center or its successor ("ADRC") at the discretion of the party first filing a demand for arbitration. I understand that AAA will administer the arbitration in accordance with its administrative rules (including, as applicable, the Commercial Rules of the AAA and the Expedited Procedures of such rules), and ADRC will administer the arbitration in accordance with its administrative rules (including, as applicable, the Rules of Commercial Arbitration or under the Rules for Expedited Commercial Arbitration). If both AAA and ADRC are no longer in business, then I understand that the parties will mutually agree upon an alternative administrative arbitration agency. If the parties cannot mutually agree, then the parties agree to take the matter to a court of competent jurisdiction to select the agency. I agree that arbitration will be held in Bridgeport, Connecticut, USA, conducted in English and decided by a single arbitrator.

*See* (Doc. # 17-2 at 2.) In May 2017, Defendants denied Mr. Alemayehu's Franchise Application, and in September 2017, Defendants declined to reconsider their decision. (Doc. # 1 at 10, 12.)

On January 26, 2018, Mr. Alemayehu initiated the action presently before the Court against Defendants, alleging that Defendants denied his Franchise Application due to his race. (Doc. # 1 at 5–13.) He asserted claims of racial discrimination in the making of a contract pursuant to 42 U.S.C. § 1981; tortious interference with prospective business advantage; extreme and outrageous conduct; deceit based on

fraud; violations of the Colorado Consumer Protect Act, Colo. Rev. Stat. § 6-1-105; breach of contract – implied covenant of good faith and fair dealing; and civil conspiracy. (*Id.* at 14–22.)

Prior to filing a responsive pleading in this matter, Defendant Doctor's Associates, Inc., filed a Petition to Compel Arbitration with the United States District Court for the District of Connecticut (the "Connecticut Court") based on the arbitration clause in the Franchise Agreement.

To facilitate proceedings in the Connecticut Court, the parties in this action filed a Joint Motion for a Stay of Proceedings Pending Decision by Connecticut Court on March 16, 2018. (Doc. # 8.) Though the parties disagreed about "whether arbitration is the proper forum" for their dispute, they both "recognize[d] that whether the dispute must be arbitrated is a threshold issue and that it would be inefficient" for the litigation in this Court to proceed "until a decision has been reached by the Connecticut [C]ourt on that issue." (*Id.* at 2.)

On March 23, 2018, this Court granted the parties' Joint Motion for Stay of Proceedings and ordered "that all deadlines in this case are STAYED pending a resolution of Defendants' Petition to Compel Arbitration in the District of Connecticut." (Doc. # 16 at 1.) The Court therefore administratively closed this action. (*Id.*)

The Connecticut Court denied Defendant Doctor Associates, Inc.'s Petition to Compel Arbitration on June 7, 2018. (Doc. # 17-2.) It concluded that the Franchise Application was not supported by consideration, and therefore, the parties did not agree to arbitrate disputes arising out of it. (*Id.* at 13.) Defendant Doctor Associates, Inc., has

3

appealed the Connecticut Court's ruling to the United States Court of Appeals for the Second Circuit. (Doc. ## 18-2, 18-3.)

On June 22, 2018, Mr. Alemayehu filed the Motion to Dissolve Stay now before this Court. (Doc. # 17.) He argues that this Court's stay, *see* (Doc. # 16), does not extend to any appellate proceedings arising out of the Connecticut Court's decision and that the stay should therefore be dissolved. (Doc. # 17.) Defendants timely responded in opposition to Mr. Alemayehu's request on June 28, 2018 (Doc. # 18), to which Mr. Alemayehu replied on July 11, 2018 (Doc. # 19.) With the Court's permission, Defendants filed a Sur-reply on July 24, 2018. (Doc. # 22.) Mr. Alemayehu filed a Renewed Request for Oral Argument on August 6, 2018. (Doc. # 23.)

## II. **STANDARDS FOR A STAY**

Two types of stays are relevant to the instant Motion. First, a court has inherent, discretionary power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (observing that docket management "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance"). The Court will refer to this type of stay as a "discretionary stay" for purposes of this Order. When determining the propriety of a discretionary stay, "a district court should consider: whether the defendants are likely to prevail in the related proceeding; whether, absent a stay, the defendants will suffer irreparable harm; whether the issuance of a stay will cause substantial harm to the other parties to the proceeding; and the public interests at stake." *United Steelworkers of Am. v. Oregon Steel Mills,*

*Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003). The "proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 707 (1997). "In particular," according to the Tenth Circuit, "where a movant seeks relief that would delay court proceedings by other litigants he must make a strong showing of necessity because the relief would severely affect the rights of others." *C.F.T.C. v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 2983).

Second, a district court in this jurisdiction is automatically divested of jurisdiction where a party appeals a denial of a motion to compel arbitration to the Court of Appeals for the Tenth Circuit. The Court will refer to this type of stay as a "mandatory stay" for purposes of this Order. Section 16(a) of the Federal Arbitration Act ("FAA") permits a party to immediately appeal an order denying a motion to compel arbitration. 9 U.S.C. § 16(a)(1)(B). In the Tenth Circuit, a district court is "automatically and immediately," *Hardin v. First Cash Financial Serv., Inc.*, 465 F.3d 470, 474 (10th Cir. 2006), divested of jurisdiction "upon the filing of a non-frivolous § 16(a) appeal" and does not regain jurisdiction "until the appeal is resolved on the merits," *McCauley v. Halliburton Energy Serv., Inc.*, 413 F.3d 1158, 1160 (10th Cir. 2005). A district court retains jurisdiction only where it has taken "the affirmative step, after a hearing, of certifying the §16(a) appeal as frivolous or forfeited."[1] *Id.* at 1162. However, the district court retains jurisdiction "to proceed with matters not involved in that appeal." *Id.* at 1161 (quoting *Stewart v. Donges*, 915 F.2d 572 (10th Cir. 1990)); *see also Coxcom, Inc. v. Egghead*

---

[1] The Tenth Circuit has not identified a specific definition of a "frivolous" appeal. Other district courts in this jurisdiction have stated that "the party opposing appeal faces a rather difficult burden to overcome an interlocutory appeal and maintain jurisdiction in the district court." *E.g.*, *Howards v. Reichle*, No. 06-CV-01964, 2009 WL 2338086, at *2 (D. Colo. July 28, 2009).

5

*Telecom, Inc.*, No. 08-CV-698-TCK-PJC, 2009 WL 4042906, at *1 (N.D. Okla. Nov. 19, 2009) (holding that the court was automatically divested of jurisdiction "over all matters involved in the appeal").

### III. ANALYSIS

The parties did not specify in their Joint Motion for a Stay of Proceedings Pending Decision by Connecticut Court whether they sought a discretionary stay or a mandatory stay, *see* (Doc. # 8), nor did the Court characterize its Order staying the case as discretionary or mandatory, *see* (Doc. # 16). The distinction is immaterial to the instant matter however. Whether one characterizes the Court's stay as discretionary or mandatory, the stay continues to be warranted as Defendants appeal the Connecticut Court's order to the Second Circuit.

### A. THIS COURT'S STAY IS MANDATORY

The Court agrees with Defendants' argument that the Tenth Circuit's precedent requires a stay pending the appeal of a denial of a petition to compel arbitration. *See* (Doc. # 18 at 4–9.) In *McCauley*, the Tenth Circuit held that "the district court is divested of jurisdiction while a non-frivolous [Section 16(a) of the FAA] motion is pending." 413 F.3d at 1162; *see Let's Go Aero, Inc. v. Cequent Performance Products, Inc.*, No. 14-cv-01600-RM, 2015 WL 1468485, *1 (D. Colo. March 26, 2015) (granting a defendant's motion to stay where the defendant appealed the district court's order denying a motion to compel arbitration, citing "Tenth Circuit precedent" in *McCauley*). The Tenth Circuit explained that "the failure to grant a stay pending . . . appeal results in a denial or impairment of the appellant's ability to obtain its legal entitlement to

6

avoidance of litigation, . . . the contractual entitlement to arbitration," and that the continuation of proceedings in the district court "largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." *Id*. (quoting *Stewart*, 915 F.2d at 576; *Bradford-Scott Data Corp., Inc. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997)).

*McCauley* controls the outcome of the instant Motion. Because Defendant Doctor Associates, Inc., has filed a non-frivolous[2] Section 16(a) appeal of the Connecticut Court's denial of its Petition to Compel Arbitration, this Court is divested of jurisdiction until the appeal is resolved. The stay issued by the Court on March 23, 2018, can therefore be characterized as a mandatory stay.

Mr. Alemayehu's attempt to distinguish *McCauley* from his case fails to persuade the Court otherwise. He argues that *McCauley* is not analogous because *McCauley* considered an interlocutory appeal, not a judgment, and because both courts—the district court that denied the motion to compel arbitration and the court of appeals hearing the appeal—were in the same circuit. (Doc. # 19 at 4.) This argument is unconvincing, because the Tenth Circuit's analysis did not address any differences between an appeal of an interlocutory order versus of a judgment, nor did its analysis discuss whether the district court and the Court of Appeals needed to be in the same jurisdiction for its rule to apply. *See generally McCauley*, 413 F.3d at 1160–31. Moreover, the Tenth Circuit's rationales for adopting this divestiture rule are applicable

---

[2] Mr. Alemayehu does not argue that Defendant Doctor Associates, Inc.'s appeal of the Connecticut Court's decision is frivolous. *See generally* (Doc. ## 17, 19.) For the reasons Defendants offer in their Response, *see* (Doc. # 18 at 6–9), the Court is satisfied that Defendants' appeal is not frivolous.

to an appeal of a judgment and where the district court and the Court of Appeals are not in the same jurisdiction.

### B. EVEN IF THE COURT'S STAY IS DISCRETIONARY, A STAY IS STILL APPROPRIATE NOW

Assuming *arguendo* that the stay issued by this Court on March 23, 2018, is discretionary because *McCauley* and its ilk are inapplicable, Defendant Doctor Associates, Inc.'s appeal to the Second Circuit necessitates a continuation of the discretionary stay. Defendants have made a sufficiently "strong showing of necessity." *See Chilcott Portfolio Mgmt., Inc.*, 713 F.2d at 1484. As to the factors bearing on the propriety of a discretionary stay, *see Oregon Steel Mills, Inc.*, 322 F.3d at 1227, Defendants detail their "two strong grounds on appeal," suggesting that they are likely to prevail in their appeal to the Second Circuit. (Doc. # 18 at 6–9.) Defendants also assert irreparable harm that would come from proceeding with this litigation while their appeal in the Second Circuit remains pending: the "erosion" of their arbitration rights and "the inefficient and wasteful use of . . . [their] resources." (*Id.* at 11.) They further argue that extending the stay will not cause Mr. Alemayehu substantial harm, as they "have taken appropriate steps to prevent the destruction of evidence, [and] [t]here is no reason to believe that witnesses will lose their memories during time that it will take to receive a ruling from the Second Circuit on the arbitration question." (*Id.* at 13.) Additionally, Mr. Alemayehu fails to allege with any specificity how his rights would be severely affected by a further stay. *See* (Doc. # 17.) For these reasons, the Court concludes that a continuation of its stay is appropriate.

## IV. **CONCLUSION**

Accordingly, the Court DENIES Plaintiff's Motion to Dissolve Stay (Doc. # 17). It is

FURTHER ORDERED that Plaintiff's motion for oral arguments on this matter (Doc. # 23) is DENIED AS MOOT. It is

FURTHER ORDERED that this case remains stayed, pending the resolution of Defendant Doctor Associates, Inc.'s appeal. It is

FURTHER ORDERED that within seven (7) days of the resolution of the Defendant Doctor Associates, Inc.'s appeal to the Second Circuit, the parties are DIRECTED to file a notice in this Court informing the Court of the resolution of the appeal and requesting either that this case be dismissed or reopened.

DATED: August 14, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge